UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GWENDOLYN LEWIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:14-cv-00244-TAB-WTL |
| CAROLYN W. COLVIN Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.   Introduction**

Plaintiff Gwendolyn A. Lewis appeals the final decision of the Commissioner denying her application for supplemental security income. Lewis' impairments include: back pain, asthma, carpel tunnel syndrome, Grave's disease, headaches, affective disorder, anxiety-related disorder, post-traumatic stress disorder, major depressive disorder and alcohol dependence in early full remission. [Filing No. 13-3, at ECF p. 47-48.] The Administrative Law Judge denied her disability application for SSI finding Lewis' back pain and asthma to be severe, but that she could perform work in the economy. For the reasons set forth below, Lewis' brief in support of appeal [Filing No. 16] is denied and the Commissioner's decision is affirmed.

**II.   Discussion**

The Social Security regulations provide a five-step sequential inquiry to determine whether a plaintiff is disabled: whether the plaintiff (1) is currently unemployed, (2) has a severe impairment, (3) has an impairment that meets or equals one of the impairments listed as disabling in the Commissioner's regulations, (4) is unable to perform past relevant work, and (5)

1

is unable to perform any other work in the national economy. 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512–13 (7th Cir. 2009). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). "A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Id*.

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Blakes v. Barnhart*, 331 F.3d 565, 568 (7th Cir. 2003). "Although a mere scintilla of proof will not suffice to uphold an ALJ's findings, the substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014). The ALJ, however, need not mention every piece of evidence in the record, so long as he builds a logical bridge from the evidence to his conclusion. *Denton,* 596 F.3d at 425. On review, the Court may not reweigh the evidence, decide the facts anew, or substitute its own judgment for that of the Commissioner to decide whether the claimant is disabled. *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001).

Lewis' brief does not address how the ALJ erred in his decision. Instead, Lewis argues that the outcome of her case was not fair and goes against common sense. She recites the facts of her case, highlighting her financial hardship: "I cannot get out of bed every morning to go to a job because I sometimes do not have a bed to sleep in on a regular basis." Such circumstances "[have] caused [her] mental restrictions and physical exercions." [Filing No. 16, at ECF p. 2.]

She also emphasizes that she was diagnosed with carpel tunnel syndrome, she has limited abilities with her hands, pain in her shoulder, headaches, and emotional disturbances. [Filing No. 16, at ECF p. 2.] She claims she can only occasionally walk and that the evidence shows her physical ailments limit her activity levels and are severe. Her five-page recitation of facts provides no developed argument and lacks relevant authority. Thus, her argument is waived. *See* [Arlin-Golf, LLX v. Village of Arlington Heights, 631 F.3d 818, 823 (7th Cir. 2011)](#) (finding plaintiffs' argument waived because they failed to point out any relevant authority on appeal); [United States v. Elst, 579 F.3d 740, 743 (7th Cir. 2009)](#) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived.").

While Lewis fails to provide any legal basis for her appeal, the Court nevertheless reviews the ALJ's findings to assess whether substantial evidence supports his decision. It does. The ALJ found that Lewis' mental impairments were not severe because they caused no restriction in her daily living activities and only mild limitations in her social functioning and concentration, persistence, and pace. This conclusion was consistent with two of the three psychological opinions the ALJ discussed. [Filing No. 13-3, at ECF p. 10; Filing No. 13-7, at ECF p. 46-58, 94.] Although, the ALJ's RFC determination does not include mental limitations, the ALJ included such limitations in his hypothetical question to the vocational expert. Even after considering Lewis' mental limitations, the vocational expert found Lewis capable of performing jobs as a cleaner housekeeper, cashier, and a ticket seller. [Filing No. 13-2, at ECF p. 31-32.] The ALJ concluded at step five that Lewis was capable of performing these three jobs in the national economy and not disabled, thereby making any potential error in failing to include mental limitations at step four harmless.

The ALJ found Lewis' back pain and asthma to be severe impairments, and the ALJ provided physical limitations in his RFC finding to account for Lewis' capabilities. The ALJ's RFC determination relied on three medical source opinions that concluded Lewis was capable of performing less than full range of light work with environmental limitations. [Filing No. 13-7, at ECF p. 76-78, 85-93.] Moreover, the ALJ considered in his decision Lewis' subjective statements, her financial hardship, her treatment history, the effectiveness of her medications, and her daily living activities. [Filing No. 13-3, at ECF p. 47-48, 50-52.]

### III. Conclusion

For the reasons above, Lewis' brief in support of appeal [Filing No. 16] is denied and the Commissioner's decision is affirmed.

Date: 2/2/2015

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

GWENDOLYN LEWIS
c/o Annie Ellery
1909 Lee St.
Columbus, IN 47201

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov